IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>RATIONALWIKI FOUNDATION, *et al.,* )<br>)<br>*Defendants.* )<br>) | Civil Action No. 1:14-cv-257 |

## MEMORANDUM OPINION

This matter comes before the Court on the Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 9. Plaintiff seeks reconsideration of the Court's denial of Plaintiff's Motion to Amend the Complaint. Dkt. No. 8. For the reasons discussed below, the Court ORDERS that the Motion is DENIED.

### I. Background

The factual background of this case was set forth in detail in the Court's earlier Orders in this matter. *See* Dkt. Nos. 6, 8. The Court pauses to note only those details essential to the disposition of this Motion. Plaintiff filed the Complaint on February 25, 2014 naming RationalWiki Foundation for libel arising out of content posted by users on the Foundation's website. Dkt. No. 1. The Complaint also named a John Doe Defendant as the alleged author of the libelous statements. The Plaintiff sought to correct the names of the John Doe Defendants on March 10, 2016. Dkt. No. 3. The Court granted the Motion to Amend only so far as to indicate the day on which he discovered the identity of the John Does. Dkt. No. 6. Plaintiff amended the

Complaint on October 12, 2016 per the Court's Order. Dkt. No. 7. The Court then denied Plaintiff's Motion to Amend the Complaint to change the identity of the John Doe Defendants because the statute of limitations had expired and the name changes did not relate back to the date of the original Complaint. Dkt. No. 8. Plaintiff moved for reconsideration. Dkt. No. 9.

## II. Legal Standard

"Fed.R.Civ.P. 59(e) permits an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry[.]"[1] *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "[C]ourts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* "[A] motion for reconsideration under Rule 59(e) is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va.), *aff'd*, 584 F. App'x 121 (4th Cir. 2014) (quoting *United States v. Smithfield Foods, Inc.*, 969 F.Supp. 975, 977 (E.D.Va.1997)). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quotation omitted).

## III. Discussion

Plaintiff contends that "the issue in this case…is not whether substitution of named parties is a mistake justifying the relation back doctrine, but rather what are the actual relation

---

[1] Plaintiff's Motion was not entered into the Court's electronic filing system until October 25, 2016—more than ten days after the Court's Order. Nevertheless, the Court regards the motion as timely. For federal purposes, a pleading filed by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff here does not specify the date that he delivered the pleading to prison officials, but the pleading was executed on October 17, 2016. In the absence of evidence to the contrary, it is presumed that the pleading was delivered for mailing that same day.

back standards and requirements for relation back amendments under Rule 15." Dkt. No. 9 at 1. Plaintiff believes that he met the requirements of Rule 15(c)(1)(C) because: (1) he changed the name of the party against whom a claim is asserted; (2) he met the requirements of Rule 15(c)(1)(B); and (3) within the period provided by Rule 4(m) for service, the John Doe Defendants received notice of the action such that they are not prejudiced by being added to the case now. Respecting the lack of prejudice Plaintiff first argues that the John Doe Defendants will not be prejudiced if they are joined in the action because the case is still in its early stages. Plaintiff observes that "normally John Does are not identified until the period of discovery...when [the identification] is done, the plaintiff is not said to have violated the relation back doctrine, in fact he is allowed to at that point to substitute to the John Does with the actual defendants whose identity he has just learned." Dkt. No. 9 at 3. Accordingly, Plaintiff contends that he should not be denied the ability to update the identity of the John Doe Defendants when the case has not yet reached discovery. Second, Plaintiff contends that proffered evidence clearly establishes that Messrs. David Gerard and Gary Broll wrote the allegedly libelous information on the wiki page and knew that the case was filed against them in their individual capacity. The evidence consists of two sets of documents: a "change log" identifying the usernames and times of all edits made to the wiki page between November 2013 and February 2014, Dkt. No. 7 at 3; and a series of discussions in early March 2014 about Plaintiff's lawsuit and the status of the wiki page. Dkt. No. 9, Exh. A.

Plaintiff's argument ignores the prejudicial effect of his belated Motion to Amend the Complaint. The core requirements of Rule 15(c) "preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice within the limitations period and was not prejudiced by being added to the litigation." *Goodman v. Praxair, Inc.*, 494

3

F.3d 458, 470 (4th Cir. 2007). In this case, the statute of limitations ran one year from the date the cause of action accrued or one year after the identity of the publisher is discovered. *See* Va. Code § 8.01-247.1. If, as Plaintiff alleges, Gerard and Broll had notice that they were the targets of the suit when it was filed, they would have reasonably relied on the expiration of the statute of limitations in February 2015. Nevertheless, Plaintiff waited more than a year after he discovered their identities before attempting to amend the Complaint to include their names. This foreknowledge distinguishes the case from the purportedly "well-settled district court practice" of permitting amendments to complaints to replace John Doe Defendants during and after discovery. As noted above, the statute of limitations for the alleged causes of action are tolled until John Doe defendants are identified. A plaintiff need not invoke Rule 15(c) to change the identity of a defendant who is only revealed during the discovery process if the statute of limitations has been tolled to that point. Application of Rule 15(c) is only warranted when the Plaintiff seeks to substitute a Defendant after the statute of limitations is running or has already run. Accordingly, the Court's decision was not inconsistent with well-settled district court practice. By contrast, permitting Gerard and Broll to be added to the case years after Plaintiff had the information necessary to amend his Complaint is highly prejudicial and the Court properly denied that request.

Not only does Plaintiff fail to consider the prejudice caused by his late filing, the evidence he proffers does not establish that Gerard or Broll "knew or should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C)(ii). The change log for the wiki page shows that users "GaryBroll" and "David Gerard" are only two of the ten users who actively participated in edits of the wiki page in February 2014. The change log further shows that David Gerard only

registered a single edit during the relevant time period. The change log does not show that any of the edits concerned the allegedly libelous content. Similarly, the communications from March 2014 show that a number of individuals were involved in maintaining the wiki page at that time. A contributor named "Reckless Noise Symphony" advises that the article requires a good clean up. Contributor "David Gerard" voices his agreement that the page needs to be "polished" and that he would "blithely tidy" the article. A third contributor, identified as "humanUser talk:Human", instructs the other members of the chat on how to revise the "fraud" language. Further in the chat, three individuals, "humanUser, "Hopper 89", and "Methinks it is a Weasel" debate the source of the reference to "fraud" on the wiki page. "humanUser" opines that the first use was "[b]y an IP address." As discussed above, some users are identified only by their internet protocol, or "IP", addresses whereas others are identified by their username. Gerard and Broll were both identified by their user name in other records. The fact that the fraud post was made by an IP address-identified contributor and not a username-identified contributor suggests that it was not originally authored by Gerard or Broll. In addition, Plaintiff's supporting documents do not show Gerard or Broll mentioning that they had any role in drafting the allegedly libelous language or editing it. The fact that they played some role in editing the wiki page does not put them on notice that they are the John Doe Defendants identified in the Complaint. Because the evidence does not establish that Gerard or Broll was the author of the allegedly libelous conduct, Plaintiff has failed to show that either individual "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Plaintiff chose to file the Complaint against John Doe Defendants and did not amend it within the statute of limitations despite purporting to know the identities of the additional

defendants contemporaneous to filing. Neither the evidence Plaintiff proffered in the Motion to Amend the Complaint nor the Motion for Reconsideration establishes that Gerard or Broll knew or should have known they were the specific targets of the lawsuit. Thus, the Court has properly considered the "actual relation back standards and requirements for relation back amendments." Doing so, the Court finds that permitting Plaintiff to amend the John Doe Defendants at this stage would be highly prejudicial to Gerard and Broll, unsupported by the factual evidence, and inconsistent with the well-settled Fourth Circuit rule that "the substitution of 'John Doe' defendants does not constitute a mistake pursuant to Rule 15(c)(3)." *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367 (4th Cir. 2006).

### IV. Conclusion

For the reasons stated above, the Court's October 13, 2016 order was not a clear error of law and Plaintiff has suffered no manifest prejudice. Accordingly, the Motion for Reconsideration is DENIED.

February 8, 2017
Alexandria, VA

/s/
Liam O'Grady
United States District Judge