## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-257 |
| ) | |
| RATIONALWIKI FOUNDATION, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

### MEMORANDUM OPINION

This matter comes before the Court for failure to serve pursuant to Rule 4(m) of the

Federal Rules of Civil Procedure and failure to prosecute pursuant to Rule 41(b).  For the reasons

discussed below, the Court hereby DISMISSES the Complaint WITHOUT PREJUDICE.

### I. Background

Plaintiff has been incarcerated in the Bureau of Prisons since September 30, 2011.

During that time he has filed no less than fourteen lawsuits in state or federal court.  The present

action represents one of a number of civil lawsuits alleging injuries unrelated to Plaintiff's

incarceration.  The Complaint, filed on February 25, 2014, alleges per se libel, libel, and

injurious falsehood perpetrated by Defendant, RationalWiki Foundation, and certain unidentified

authors (the "John Doe Defendants") based on statements appearing on the RationalWiki internet

site.  Dkt. No. 1.  On July 13, 2015, the Court granted Plaintiff leave to amend the complaint to

add Rational Media Foundation (an entity related to the RationalWiki Foundation) as an

additional defendant.  Dkt. No. 2.  On March 10, 2016, Plaintiff moved to amend the Complaint

to update the identities of the John Doe Defendants.  Dkt. No. 3.  In conjunction with the Motion,

Plaintiff submitted evidence concerning the purported identities of the John Doe Defendants.
Dkt. No. 4. On the basis of this additional evidence, on October 3, 2016, the Court granted the
Motion to Amend the Complaint for the limited purpose of providing the date of discovery of the
identities of the John Doe Defendants and gave Plaintiff leave to serve RationalMedia
Foundation as a Defendant. Dkt. No. 6. The Court also admonished Plaintiff to cease conflating
the case captions or procedural history of this matter with another suit Plaintiff had filed with the
Court, 1:14CV207, in which Plaintiff alleges a breach of contract involving unrelated parties. *Id.*
Plaintiff complied with the Court's Order to amend the complaint with the date of discovery for
the identified John Doe Defendants. Dkt. No. 7. The Court found on October 13, 2016 that,
based on the date of discovery, the statute of limitations had run with respect to Plaintiff's claims
against the John Doe Defendants. Dkt. No. 8. Plaintiff timely filed a Motion for
Reconsideration. Dkt. No. 9. On February 8, 2017, the Court denied the Motion for
Reconsideration finding that "Plaintiff waited more than a year after he discovered [the John Doe
Defendants'] identities before attempting to amend the Complaint to include their names"
thereby imposing significant prejudice on the John Doe Defendants. Dkt. No. 10, at 4.

On the same day, the Court ordered Plaintiff to show cause why no Defendants have been
served in this matter since the filing of the Complaint on February 2014. Dkt. No. 12. Plaintiff
has filed a response, Dkt. No. 13, which the Court takes under consideration in issuing this
memorandum opinion.

## II. Legal Standard

Ordinarily, "[i]f a defendant is not served within 120 days after the complaint is filed, the
court—on motion or on its own after notice to the plaintiff—must dismiss the action without
prejudice against that defendant." Fed. R. Civ. P. 4(m). Further, "[a] district court may dismiss

an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Herick*, 545 F.2d 393, 396 (4th Cir. 1976). In deciding whether to dismiss a case under Rule 41(b), a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted). "[T]he four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal [with prejudice] depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

### III. Discussion

In order to determine whether dismissal is warranted in this case, the Court considers each of the *Chandler Leasing* factors in turn.

### A. The Degree of Personal Responsibility of the Plaintiff

Because Plaintiff litigates *pro se*, he alone bears the responsibility for his failure to effect service and prosecute the case. *See Craft v. Astrue*, No.1:10CV9, 2012 WL 6569021, at *2 (M.D.N.C. Dec. 17, 2012) ("Plaintiff has proceeded *pro se* from the outset, thus she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case."). While leniency is most appropriate for *pro se* prisoners because of the unique circumstances of incarceration, "*[p]ro se* litigants are not immune from any sanction by virtue of their status alone." *Zaczek v. Fauquier Cty., Va.*, 764 F. Supp. 1071, 1076 (E.D. Va. 1991), *aff'd*, 16 F.3d 414 (4th Cir. 1993).

Plaintiff argues that he is entitled to leniency in this case for two reasons. First, "the

3

plaintiff is a federal inmate who the Court permitted to proceed on an indigent basis when this instant suit was originally joined with EDVA/Alexandria Case No. 1:14-cv-207." Dkt. No. 13 at 1. Second, Plaintiff argues that the Court's October 13, 2016 Order contained an implicit acknowledgment that the defendants were due to be served pursuant to the rules for a plaintiff proceeding *in forma pauperis*.

Plaintiff's arguments are not supported by the record and Plaintiff's experience as a regular litigant before this Court necessitates holding him accountable for his failure to prosecute. The record in this case does not include a request to proceed *in forma pauperis*. Plaintiff did make a request to proceed *in forma pauperis* which was received by the Court one day after the filing of the Complaint in this matter (and one day after the filing of the Complaint in 1:14CV207) but the motion to proceed *in forma pauperis* is captioned for the named defendant in 1:14CV207 not 1:14CV257.[1] The Court has also never explicitly or impliedly instructed the clerk of court to effect service on Plaintiff's behalf. In the October 13, 2016 Order the Court stated that the "Court is positioned to rule on Plaintiffs outstanding requests for relief, to update the identities of the John Doe Defendants and serve those individuals." Dkt. No. 8. The most appropriate reading of this clause, taking into account that Plaintiff had hitherto not received any authorization to proceed *in forma pauperis* in this matter, is that the Court was prepared to rule on Plaintiff's request to add the John Doe Defendants to the Complaint so that he could serve them—and this is precisely what the Court did.

Furthermore, any possible ambiguity in the Order is undermined by Plaintiff's experience filing with the Court. Plaintiff has filed numerous motions before the Court and on appeal to the Fourth Circuit and in his motions he demonstrates a familiarity with the Federal Rules of Civil

---

[1] The application bears a hand notation that it is for "14-cv-206." Whether this notation was made by the Clerk's office or the Plaintiff, the mistake, considered in light of the case caption, does not suggest that the application was meant to apply to 1:14CV257.

Procedure. *See Zaczek*, 764 F. Supp. at 1079 (E.D. Va. 1991) (finding inability to claim

ignorance of the Federal Rules significant in attributing blame for delay); *see also U.S. ex. Rel.*

*Prince*, 2014 WL 1463786, at *7 (same); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 942 (E.D.

Mich. 2004) ("The record shows that Plaintiff has been a party in at least two prior lawsuits and

he should have inquired, at some point before December 2003, about the status of [serving

defendants], especially as the 120 day service of process deadline under Rule 4(m) rapidly

approached."). Plaintiff's failure to effect service is especially inexcusable, and his arguments

that he believed he was proceeding *in forma pauperis* ring hollow, because he has previously

effected service while proceeding *in forma pauperis*. In *Matthews v. Faulconer et al.*,

1:12CV1473, Plaintiff received authorization to proceed *in forma pauperis* and successfully

effected service through the clerk of court. 1:12CV1473, Dkt. No. 29. Plaintiff even expressly

instructed the clerk of court to add additional defendants to the complaint and serve them at the

addresses he provided. 1:12CV1473, Dkt. No. 26. But in this case, as discussed above, Plaintiff

did not request authorization to proceed *in forma pauperis* and no one has effected service on his

behalf. Nevertheless, Plaintiff has taken no action since filing the Complaint to inquire with the

Court as to any *in forma pauperis* status or to effect service on his own. Either Plaintiff

understood that he had not received *in forma pauperis* status and failed to effect service on his

own or he unreasonably believed that he had received *in forma pauperis* status and failed to

follow up with the clerk of court when no service was issued on his behalf. In either case,

Plaintiff's failure to obtain service was within his control and this factor favors dismissal.

### B. The Amount of Prejudice Caused to the Defendants

With respect to the second *Chandler Leasing* factor, there is no evidence of any prejudice

to the Defendants in this case. Ordinarily, "every instance of a plaintiff's failure to prosecute an

action will prejudice a defendant to some degree by causing the defendant to incur unnecessary attorney's fees and the like." *Bush v. Adams*, No. 3:09CV674, 2010 WL 1253990, at *4 (E.D. Va. Mar. 24, 2010). But the level of prejudice in this case is minimal. No Defendant has been served in the case so no legal fees have been incurred. Arguably, Defendants may still be prejudiced because the delay in this case may have resulted in the unavailability of evidence or witnesses. *Brown Univ. v. Tharpe*, No. 4:10CV167, 2013 WL 2446527, at *14 (E.D. Va. June 5, 2013) ("Loss of witnesses or evidence can be used to demonstrate prejudice resulting from delay."). Because this prejudice is speculative at this time, the factor does not favor dismissal.

### C. The Existence of a Drawn Out History of Deliberately Proceeding in a Dilatory Fashion

The third *Chandler Leasing* factor favors dismissal. Plaintiff has some history of proceeding in a dilatory fashion in this case. The Court also "take[s] into account comparable conduct in other cases of which the court has knowledge" when ordering dismissal. *Doyle v. Murray*, 938 F.2d 33, 35 (4th Cir. 1991) (comparing counsel's conduct in the instant case against prior proceedings before the court). Plaintiff has engaged in dilatory conduct with respect to numerous lawsuits filed with the Court and this conduct supports dismissal.

In the instant case, Plaintiff has engaged in dilatory conduct by failing to heed the Court's orders regarding the prosecution of this case and his related case, *Matthews v. Estrategios Investimentos, S.A., et al.*, 1:14CV207, resulting in significant confusion and unnecessary orders. As discussed above, the instant action alleges libel and other torts relating to comments posted on a wiki internet page. It bears no relation to the breach of contract suit filed by Plaintiff against Estrategios Investimentos on February 24, 2014. Nevertheless, Plaintiff moved for leave to add Rational Media Foundation, a related entity to RationalWiki Foundation, to the breach of contract suit. 1:14CV207, Dkt. No. 3. The Court denied the Motion for leave and advised

6

Plaintiff that RationalWiki Foundation was not a defendant in the instant action. 1:14CV207, Dkt. No. 10. Plaintiff filed a Motion for Reconsideration of the decision denying Rational Media Foundation as a defendant in the breach of contract action. 1:14CV207, Dkt. No. 11. The Court elected to receive the Motion for Reconsideration as a request to amend the Complaint against RationalWiki Foundation and granted the Motion while cautioning Plaintiff to avoid improperly docketing entries in the future. 1:14CV207, Dkt. 12. The confusion and delay caused by these misfiled motions could have been avoided if Plaintiff had docketed and filed his claims with the proper docket number.

Plaintiff's conduct in this case is exacerbated by his familiarity with the filing process and his dilatory behavior in other cases. As noted above, Plaintiff has filed at least fourteen civil actions since 2012 in state or federal court. The suits include duplicative complaints and requests for disciplinary proceedings against the individuals who prosecuted his criminal case in 2012. Other than the cases against Defendants and separately against Estrategios Investimentos, all of Plaintiff's cases have been dismissed with prejudice. Plaintiff has serially moved for reconsideration of his motions. Plaintiff has appealed six decisions of the Court to the Fourth Circuit and on each occasion the Court has been affirmed. Plaintiff has also sued the undersigned directly for violating Plaintiff's due process rights. *Matthews v. O'Grady*, No. 1:15CV1162, 2016 WL 438972, at *1 (E.D. Va. Feb. 2, 2016), *aff'd*, 651 F. App'x 188 (4th Cir. 2016), *reh'g denied* (Aug. 2, 2016). That suit was dismissed with prejudice by another judge in this district and affirmed by the Fourth Circuit. *Id.* In sum, Plaintiff has used his time in prison to pursue grievances through the legal system and has shown an unwillingness to accept unfavorable outcomes, resorting to the use of meritless filings to prolong cases. This conduct, sustained over a number of years, warrants a finding of dismissal in the present action. *See*

7

*Chandler Leasing*, 669 F.2d at 920 (finding plaintiff's proclivity for refusing to comply with orders of the court and filing superfluous motions established a reputation for deliberately proceeding in a dilatory fashion); *see also Zaczek*, 764 F.Supp. at 1079 (finding the plaintiff's filing of repetitive motions and objections constituted an abuse of the judicial process that justified dismissal under Rule 41(b)).

### D. The Existence of a Sanction Less Dramatic than Dismissal

Weighing the sanctions available to the Court in this action, dismissal without prejudice is appropriate in this case.

In analyzing the fourth factor, "federal courts must consider the existence of an effective sanction which is less drastic than dismissal." *Zaczek*, 764 F. Supp. at 1078. "A dismissal with prejudice is a harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Accordingly, a "judge may take sanctions of a less drastic nature, such as payment of costs, attorneys' fees, or dismissal without prejudice." *Chandler Leasing Corp.*, 669 F.2d at 921. But "courts must do more than decide that a less severe sanction exists, for there is no doubt that such will always be the case. The relevant inquiry is whether or not a lesser sanction is feasible and appropriate in view of the history of each case and the plaintiff's conduct." *Zaczek*, 764 F. Supp. at 1078.

In this case, a payment of fees or costs is not a satisfactory remedy. Defendants have not been served so they have not incurred fees which can be taxed to the Plaintiff, and Court costs are minimal at this time. Despite the fact that the first and third *Chandler Leasing* factors strongly favor dismissal of this case, the failure to prosecute has not injured the Defendants. Accordingly there is no compelling reason to dismiss the Complaint with prejudice. On the other hand, dismissal without prejudice is warranted for two reasons. First, the Court has a duty to

8

"promote[] the administration of justice and dignity of the courts." *Zaczek*, 764 F. Supp. at 1076.

Failure to dismiss the present case would render Federal Rule of Civil Procedure 41(b) toothless.

Second, if the statute of limitations has expired on any of Plaintiff's claims then it would be

prejudicial to permit Plaintiff to belatedly serve Defendants regarding those causes of action. To

the extent that Plaintiff has any good-faith claims which are not barred by the statute of

limitations, he will not be prejudiced by filing a new lawsuit.

## VI. Conclusion

For the foregoing reasons, the Court hereby ORDERS that the Complaint is DISMISSED

WITHOUT PREJUDICE.


March 24 2017
Alexandria, Virginia

                                        /s/
                                  Liam O'Grady
                                  United States District Judge


9